No. 48.—MARK PHILLIPS and another, plaintiffs in error, *vs* J. PHILLIPS and others.

[1.] A testator gave all of his property to his wife for life, and then his will was as follows : "and after her death, the property bequeathed to her is to become the property of my well beloved children, as follows, to-wit: unto my beloved son Sherwood, I give and bequeath two certain named negroes, Poll and Moll," &c. : *Held*, that Sherwood's remainder in these negroes vested in him at the time of the testator's death.

In Equity, in Montgomery Superior Court.    Decision on demurrer, by Judge HOLT, April Term, 1855.

Rial B. Phillips, by his will, gave all of his property, real and personal, to his wife, during her natural life; "and after her death, the property bequeathed to her is to become the property of my well beloved children, as follows, to-wit: unto my well beloved son Sherwood, I give and bequeath two certain negroes, named Poll and Moll." Similar clauses disposed of the other negroes to other children. The residuary clause gave and bequeathed all his personal property and lands to his four sons, to be equally divided between them.

Testator died in 1834; his widow died in 1853. In the meantime, several of the negroes had increase. Mark and Micajah Phillips, two of the sons, filed their bill, claiming that the increase passed under the residuary clause, and did not go to the remainder-men. Upon demurrer, the Court dismissed the bill, and this decision is assigned as error.

W. B. GAULDEN, for plaintiffs in error.

SHEWMAKE, for defendants in error.

*By the Court.*—BENNING, J. delivering the opinion.

[1.] The question in this case depends upon the question, whether the remainders vested in the remainder-men, at the death of the testator? If they did, it was not disputed that the "increase" of the remainder-negroes went with those negroes; and so, could not pass under the residuary clause. This was the clause under which the complainants claimed.

In *Boraston's case,* which, in principle, was not unlike this, the decision was, that the remainder vested at the death of the testator.

That case, as correctly stated in *Roper on Legacies,* was as follows: "the devise was to a man and his wife for eight years; and after that term, the lands were to remain to the executors of the devisor, until such time as Hugh Boraston should accomplish his full age of twenty-one—the *mesne* profits to be employed by the executors towards the perform-

ance of the testator's will; and *when* the legatee should attain twenty-one, *then* that he should enjoy the estate to him and his heirs.    Hugh Boraston died under twenty-one, and the Court of King's Bench determined that the remainder vested in him at the death of the devisor, with a postponement of the enjoyment until Hugh completed the age of twenty-one."    (1 *Rop. Leg.* 393.    3 *Coke*, 19.)

This case has been followed by a great number of others, which may be found stated in 1 *Rop. Leg.* 393, *et seq.;* *Jarm. Wills,* 734, *et seq.;* *Cruise's Dig. Tit. XVI. Remainder, ch.* 1, *s.* 75, *et seq.*

See, too, *Holcombe vs. Tuffts and another,* (7 *Ga. R.* 535.)

We think, therefore, that the remainders in this case were remainders which vested in the remainder-men at the death of the testator.

Consequently, we must affirm the judgment of the Court below.